UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO CLARK, ARAMIS WILSON,
TYRONE PRICE, JONATHAN KINCHEN,
KOJUAN LEE, KIRSHEAN NELSON,
DION ROBINSON, and KENNETH SMITH,

    Defendants.

_____/

Case Number 15-20472
Honorable David M. Lawson

**ORDER GRANTING IN PART MOTIONS TO REVEAL IDENTITY OF
INFORMANTS AND TERMS OF ANY DEALS AND DENYING MOTIONS
FOR BILL OF PARTICULARS, TO REQUIRE DISCLOSURE OF RULE 404(B)
EVIDENCE, TO STRIKE SURPLUSAGE, TO REQUIRE PRETRIAL PROFFER
OF RULE 801(D) EVIDENCE, AND TO REQUIRE DISCLOSURE OF
CO-DEFENDANT STATEMENTS**

This matter is before the Court on several pretrial motions filed by certain of the defendants. The Court has reviewed the submissions of the parties and heard oral argument on the motions on December 22, 2015. During the hearing, the Court announced from the bench its rulings as to the relief requested in the various motions.

Accordingly, it is **ORDERED** that the defendants' motions to require disclosure of the identity of informants and the nature of any deals made by the government with them [dkt. #124, 152, 158, 159, 163, 172] are **GRANTED IN PART** for the reasons stated on the record. The government must disclose to the defendants, no later than 30 days before trial, all material relating to any informant witnesses that will testify at trial that the government is required to disclose under Federal Rule of Criminal Procedure 16(c), *Brady v. Maryland*, 373 U.S. 83 (1963), or the Jencks Act, 18 U.S.C. § 3500. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the defendants' motions for a bill of particulars [dkt. #125, 153, 160, 166, 170] are **DENIED** for the reasons stated on the record.

It is further **ORDERED** that the defendants' motions to require disclosure of evidence that may be offered under Federal Rule of Evidence 404(b) [dkt. #126, 154, 161, 165, 174] are **DENIED** as moot for the reasons stated on the record. However, the Court directs the attorneys for the government promptly to notify the Court and counsel for the defendants if they become aware of any such evidence that the government intends to present at trial, and any such evidence that is not disclosed promptly after the government becomes aware of it shall be **EXCLUDED** at trial.

It is further **ORDERED** that the defendants' motions to strike surplusage from the superseding indictment [dkt. #127, 155, 162, 171] are **DENIED** as moot for the reasons stated on the record.

It is further **ORDERED** that the defendants' motions for a pretrial written proffer and hearing to determine the admissibility of any evidence that may be offered under Federal Rule of Evidence 801(d)(2)(E) [dkt. #128, 156, 167, 175] are **DENIED** for the reasons stated on the record. However, upon the government's disclosure of its exhibit list for trial, the defendants may seek a pretrial ruling as to the admissibility of any exhibit that the government intends to present that may amount to hearsay evidence, to determine whether a foundation can be shown under Rule 801(d)(2)(E).

It is further **ORDERED** that the defendants' motions to require disclosure of any post-arrest statements made by co-defendants that the government may enter into evidence at trial [dkt. #129, 157, 164, 173] are **DENIED** as moot for the reasons stated on the record. However, it is also

**ORDERED** that any such statements shall be **EXCLUDED** at trial.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   December 23, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2015.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI